UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

COSTAR REALTY INFORMATION, INC.,
1331 L Street NW
Washington, DC 20005

    Plaintiff,

v.

JOEL TRAN, d/b/a SUMMIT APPRAISAL SERVICES
4 Summit Avenue
Sharon, MA 02067

    Defendant.

Civil Action No. _____

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff Costar Realty Information, Inc., ("Costar" Or "Plaintiff"), for its complaint against Defendant Joel Tran, D/B/A Summit Appraisal Services, ("Tran") Or "Defendant"), alleges as follows:

### PARTIES

1. CoStar Realty Information, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business and corporate offices located at 1331 L Street N.W., Washington, DC 20005. Formerly headquartered in Bethesda, Maryland, CoStar still has significant business operations in the State of Maryland, including a research center employing more than 150 persons in Columbia, Maryland.

2. Defendant Tran is, upon information and belief, an individual doing business as Summit Appraisal Services, located at 4 Summit Avenue in Sharon, MA 02067. Upon information and belief,

Tran accessed CoStar's proprietary database without authorization by improperly using an account belonging to a current CoStar customer ("Customer").

### JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over the action pursuant to 28 U.S.C. § 1331 as an action that arises under the laws of the United States. The Court further has exclusive federal jurisdiction pursuant to 28 U.S.C. § 1338(a) as a case arising under the Copyright Act.

4. This Court has diversity jurisdiction over the action pursuant to 28 U.S.C. § 1332. The controversy is between citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Maryland pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Plaintiffs' claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this District, and a substantial part of the property that is the subject of the action is situated in this District.

6. Personal jurisdiction over Tran is proper in this District because: (a) by agreeing to the Terms of Use for the www.costar.com website, he has consented to the jurisdiction of this Court; (b) by his use of CoStar's proprietary database with the assistance of Customer, Tran has availed himself of the contractual benefits provided by CoStar to Customer and thus should be subject to the same jurisdictional requirements as the client; (c) he has committed acts alleged herein with foreseeable consequences in this District, and has caused injury in this District; and (d) he has purposefully directed his unlawful behavior at this District by repeated electronic activity and interaction with CoStar's

computer servers in Bethesda, MD when logging into the subscription service at the www.costar.com website for business purposes.

## BACKGROUND

7. CoStar is a leading national commercial real estate information services provider. At enormous effort and expense, CoStar has created state-of-the-art software technology and research methods to develop one of the most comprehensive commercial real estate information databases available. CoStar currently employs the services of approximately 900 trained research professionals, including a field research force with over 120 research photographers and a fleet of over 100 specially equipped field research vehicles, that canvass the country, building information and analysis and photographs that are integrated into an enormous database that is updated daily.

8. CoStar's photographs and the other information in CoStar's databases are not part of a repository of information that is generally available for free. CoStar licenses its information services to businesses, including primarily commercial real estate brokers, asset managers, mortgage lenders, investors, owners, property managers, security analysis, REIT professionals and appraisers/mortgage underwriters. CoStar's licenses, among other things, enable its licensees to find for themselves or their customers available space for tenants, to match buyers to properties for sale, find tenants, research brokers, locate market-related information, and to value commercial real estate sales transactions. CoStar's licensees can search CoStar's database by selecting from the more than 150 fields of information and analysis included in the file for each property to find those properties that suit their needs. CoStar's licensees can search through CoStar's database in thousands of different ways to analyze various real estate markets, and thus access to CoStar's database greatly reduces the need for

CoStar's licensees to spend money on conducting research to locate much of the very same information already collected, organized, developed and analyzed by CoStar.

9. With the exception of a very limited amount of its information services CoStar makes available for no charge on the Internet at http://www.CoStar.com, access to CoStar's information services is offered only to authorized users. Interested members of the general public can become authorized users either (a) by entering into an online agreement for limited access and use, or (b) by entering into a written license agreement and subscribing to one or more of CoStar's information services.

10. Access to CoStar's subscription information services and their associated databases is limited to those authorized users who gain authorization solely pursuant to written license agreements, which limit their access and use of CoStar's databases to specific numbers of licensed users and licensed sites. Licensed users are limited to employees of the licensee, or independent contractors working out of the licensed site and exclusively for the licensee.

11. Once a party executes a license agreement with CoStar, each of its authorized users is provided with a user identification and password and is given authorized use for Internet-based access to CoStar's subscription information services within the terms of the user's specific license. An authorized user must input a valid user identification and password at the "Subscriber Login Area" to gain authorized access to CoStar's restricted access information services for which they are licensed.

12. The Subscriber Login Area at www.CoStar.com contains prominent notices advising the user on each occasion of their use. "Login/Use Subject to Terms." The authorized user must scroll through and "accept" the applicable online Terms of Use the first time they use the product as well as at

periodic intervals thereafter.  By clicking on the underlined phrase "Terms", or the phrase "Terms of Use" that appears on each webpage, the user can view the terms of use.

   13. The Terms of Use provide:

> By accessing or using this Site (or any part thereof), you agree to be legally bound by the terms and conditions that follow (the "Terms of Use") as we may modify them from time to time.  These Terms of Use apply to your use of this Site, including the CoStar services and products offered via the Site.  <u>They constitute a legal contract between you and CoStar, and by accessing or using any part of the Site you represent and warrant that you have the right, power and authority to agree to and be bound by these Terms of Use.</u>  If you do not agree to the Terms of Use, or if you do not have the right, power, and authority to agree to and be bound by these Terms of Use, you may not use the Site. (emphasis added).

   14. In addition, the Terms of Use specifically explain that those portions of the website that require use of passcodes for access are restricted to employees and exclusive contractors of CoStar licensees.  These individuals, also known as "Authorized Users," must be individuals that work solely for the CoStar licensee and not another company with real estate information needs.  The Terms of Use further explain that the Authorized Users must be designated in the license agreement and work at a site identified in the license agreement.

   15. Under the header "Prohibited Uses," the Terms of Use provide that "you shall not ... [a]ccess any portion of the [databases] unless you are an Authorized User for such [databases] using the Passcodes assigned to you by CoStar to access the components and services of the [databases] that your subscription authorizes you to access, subject to the terms contained therein and in these Terms of Use."

   16. The Terms of Use also state that "[u]pon your breach of any term of these Terms of Use or the License Agreement, CoStar's remedies shall include any monetary benefits that accrued to you as a result of the breach, any damages incurred by CoStar related to your breach and any other damages

and relief available at law or in equity." The terms of use further provide that "CoStar shall be entitled to recover all costs, including attorney's fees."

17. Finally, for the majority of the time relevant to this lawsuit (i.e., prior to August 20, 2012), the Terms of Use provided that the user irrevocably consents to the jurisdiction of the federal and state courts located in the State of Maryland for any action to enforce the Terms of Use.

## EVENTS GIVING RISE TO THE LAWSUIT

18. Customer signed a three-user License Agreement with CoStar in June 2004 for access to the CoStar COMPS Professional commercial real estate information databases and related software.

19. Under Sections 1, 2 and 12 of Customer's License Agreement with CoStar, Customer agreed, among other things: (a) not to provide third parties with access to or use of the CoStar database service, (b) not to sub-license or resell CoStar's information services to others, (c) not to share the Customer-specific IDs and passwords assigned by CoStar, and (d) not to store, copy or export any portion of the licensed CoStar database service into any database or other software program, except as explicitly permitted by the CoStar License Agreement or by express written consent of CoStar.

20. Upon information and belief, Tran was originally an employee of Customer entitled to use CoStar's product and was identified as such on the Customer's license agreement.

21. Upon information and belief, Tran left the employment of Customer and started his own appraisal business, Summit Appraisal Services. Despite no longer being entitled to use CoStar under the terms of Customer's agreement with CoStar, Tran continued to use his CoStar account. In violation of Customer's agreement and the CoStar Terms of Use, Tran used CoStar's commercial real estate information subscription services for Tran's own commercial purposes (i.e., for the benefit of Summit Appraisal Services) without a valid license or any other authorization from CoStar.

22. By gaining unauthorized access to CoStar's products, Tran was able to make unauthorized copies and displays of CoStar's copyrighted databases and copyrighted photographs.

## COUNT I
## BREACH OF CONTRACT

23. CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 22 of the Complaint.

24. By accessing CoStar's Internet website, Tran agreed to be bound by the terms of use agreement of CoStar's website. CoStar's website terms of use agreement is a valid contract.

25. After establishing his own company, Tran breached the terms of use agreement by, *inter alia*, accessing and using the CoStar databases without authorization from CoStar.

26. CoStar has been injured by Tran's breach as described above. Among other things, Tran's breach of contract has caused CoStar to lose the license fee revenue associated with Tran purchasing a license agreement to CoStar's product. Some of CoStar's injury as a result of Tran's breaches resulted in damages to CoStar in an amount to be proven at trial. CoStar will not have an adequate remedy at law for its entire injury, however, as some of its injury is irreparable. Accordingly, CoStar is entitled to damages and injunctive relief.

## COUNT II
## DIRECT COPYRIGHT INFRINGEMENT

27. CoStar re-alleges and incorporates herein by reference the allegations contained in Paragraphs 1 through 27 of the Complaint.

28. CoStar owns valid copyrights in the compilations of data, information, and original content that form its databases of commercial real estate property information. CoStar has registered its copyrights in those compilations with the United States Copyright Office on a regular basis.

29. CoStar owns valid copyrights in millions of commercial real estate photographs taken by CoStar photographers. CoStar has registered the vast majority of those photographs with the United States Copyright Office on a quarterly basis.

30. By virtue of his unauthorized access to CoStar's products, Tran has infringed CoStar's copyrights in its commercial real estate photographs, including by reproducing, distributing and/or displaying such photographs. Upon information and belief, Tran has infringed CoStar's copyrights in, at least, eight photographs by making unauthorized reproductions of such photographs while accessing CoStar's services. A list of these photographs, as well as the copyright registrations covering such photographs, is attached hereto as Exhibit A.

31. Tran's infringement of CoStar's copyrights was willful and with notice of CoStar's copyrights in its photographs.

32. Because CoStar registered its copyrights in its commercial real estate photographs infringed by Tran's prior to its infringement and/or within three months of the publication of such copyrighted works, CoStar is entitled to an award of statutory damages of no less than $750 and up to $150,000 per work, as well as the attorney's fees and costs of litigating this action. The maximum statutory damages for willful infringement of the eight copyrighted photographs infringed by Tran totals $1,200,000.

33. As a result of Tran's infringement, CoStar has suffered an injury for which there is no adequate remedy at law and that requires injunctive relief.

**PRAYER FOR RELIEF**

**WHEREFORE,** CoStar asks that this Court:

(1) Enter a judgment against Tran that he has breached a contract with CoStar;

(2) Grant a preliminary and permanent injunction (a) restraining and enjoining Defendant and any of his agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with him, from (i) making any unauthorized access to or use or copying of any CoStar database service or any of the copyrighted photographs or other content contained therein, (ii) interfering with CoStar's current or prospective contracts pertaining to access, use or copying of any CoStar's database service or any of the copyrighted photographs or other content contained therein, and (iii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ii) above; and (b) ordering Defendant and any of his agents, servants, employees, attorneys, successors and assigns, and all persons in active concert or participation with them, to permanently delete and destroy all portions of any CoStar database service within their possession, and within ten (10) days provide CoStar with a signed affidavit certifying completion of such deletion/destruction;

(3) Enter judgment against Defendant and in favor of CoStar for disgorgement of any amounts by which they was unjustly enriched;

(4) Enter judgment against Defendant and in favor of CoStar for compensatory, and if warranted, punitive damages;

(5) For an award of damages of up to $1,200,000 as a result of Defendant's willful infringement of CoStar's copyrights.

(6) Enter judgment against Defendant and in favor of CoStar for prejudgment interest, costs and attorneys' fees; and

(7) Grant CoStar such other and further relief as is just.

Dated: January 30, 2013

Respectfully submitted,

/s/ Matthew J. Oppenheim

Matthew J. Oppenheim, Esq.
Scott A. Zebrak, Esq.
Oppenheim + Zebrak, LLP
4400 Jenifer Street, NW, Suite 250
Washington, DC 20015
202.621.9027 (tel)
866.766.1678 (fax)
matt@oandzlaw.com
scott@oandzlaw.com

Counsel for COSTAR REALTY INFORMATION, INC.

## EXHIBIT A

## INFRINGED PHOTOGRAPHS

| No. | Photograph Address | Registration Number | Registration Date |
|---|---|---|---|
| 1 | 837 2nd Street, Fall River, MA 02721 | VA-1-431-319 | 12/3/2009 |
| 2 | 85-115 Anawan Street, Fall River, MA 02721 | VA-1-431-319 | 12/3/2009 |
| 3 | 19 Danforth Street, Fall River, MA 02720 | VA-1-431-079 | 6/22/2009 |
| 4 | 431 Davol Street, Fall River, MA 02720 | VA-1-431-319 | 12/3/2009 |
| 5 | 27 Fenner Street, Fall River, MA 02724 | VA-1-431-319 | 12/3/2009 |
| 6 | 247-251 Fountain Street, Fall River, MA 02721 | VA-1-431-319 | 12/3/2009 |
| 7 | 180 Liberty Street, Fall River, MA 02724 | VA-1-431-319 | 12/3/2009 |
| 8 | 297 East Main Street, Fall River, MA 02724 | VA-1-431-319 | 12/3/2009 |